Filed 6/17/26  Santora v. Santora CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FRANCESCO SANTORA,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>INARA X. SANTORA,<br><br>        Defendant and Respondent. | A175360<br><br>(Solano County<br>Super. Ct. No. FL25-02187) |

### MEMORANDUM OPINION[1]

Francesco Santora (Father), in propria persona, appeals the trial court's dismissal of his petition for custody of minor children for lack of jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (Fam. Code, § 3400 et seq).[2]  We affirm.

On October 30, 2025, Father filed a petition for custody and visitation of three minor children in Solano County Superior Court.  He also filed a UCCJEA declaration, which stated that the children resided in Solano County with Inara Xie (also referred to as Inara Santora) (Mother), but it did

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2] All further statutory references are to the Family Code unless otherwise specified.

1

not specify how long they had resided there or list any prior addresses. The declaration indicated two of the children were born in Nevada and one was born in China.

Father filed a request for order on November 13, 2025, and the trial court held a hearing on November 17, 2025. Mother did not appear. According to the clerk's minutes, "[t]he Court and Petitioner discuss[ed] the issues," and "[t]he Court f[ound] she did not have jurisdiction over this matter and . . . dismisse[d] the case entirely." The hearing was not reported, and Father did not include a settled statement or any other evidence of what transpired during the hearing in the record on appeal. The trial court signed Father's request for order below the following handwritten notation: "Court dismisses case for lack of jurisdiction."

On appeal, Father contends that the UCCJEA requires written jurisdictional findings and that the trial court erred by dismissing the case without any such findings. We disagree.

Father cites sections 3421 through 3424 in support. Those provisions address grounds for jurisdiction to make an initial custody determination and temporary emergency jurisdiction, among other things, but they do not require written jurisdictional findings, either generally or when a court dismisses for lack of jurisdiction.

Father also cites *In re Marriage of Brown & Yana* (2006) 37 Cal.4th 947; *In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487; *In re Marriage of Fernandez-Abin & Sanchez* (2011) 191 Cal.App.4th 1015; and *In re Marriage of Nurie* (2009) 176 Cal.App.4th 478.[3] Only two of these require findings, and

---

[3] We note that Appellant's Opening Brief mischaracterizes several of the cases it cites. For example, the brief suggests *In re Marriage of Fajota* "revers[ed] where court declined jurisdiction without adequate findings," but that case concerned a domestic violence presumption that applies in custody

2

they concern statutes or circumstances that are not at issue here. *Marriage of Fajota* addressed the domestic violence presumption in section 3044, which contains a requirement for findings at section 3044, subdivision (f) and is not at issue. And *Marriage of Fernandez-Abin & Sanchez* instructed the trial court to make findings on remand where "the record show[ed] the California court neither based its decision [to exercise jurisdiction] on section 3424 nor followed the requirements of that statute when it included the children within the permanent restraining order, and . . . also show[ed] the California court effectively disregarded the jurisdiction" of another court with a pending proceeding. (*Fernandez-Abin,* at p. 1020.) These cases do not stand for the proposition that written jurisdictional findings are required in every custody case, as Father contends.

Nor did Father request that the trial court issue a statement of decision explaining its factual and legal analysis. Section 3022.3 provides that "[u]pon the trial of a question of fact in a proceeding to determine the custody of a minor child, the court shall, upon the request of either party, issue a statement of the decision explaining the factual and legal basis for its decision pursuant to Section 632 of the Code of Civil Procedure."

"In general, Code of Civil Procedure section 632, and therefore section 3022.3, 'applies when there has been a trial followed by a judgment.' " (*City and County of San Francisco v. H.H.* (2022) 76 Cal.App.5th 531, 544, quoting *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1294.) " 'It does not apply to an order on a motion.' " (*H.H.*, at p. 544.) " 'This is true even if the motion involves an evidentiary hearing and the order is appealable.' " (*Ibid.*) That said, courts have created exceptions for special proceedings, and " '[w]here the issues are

---

determinations, not jurisdiction. (See generally *In re Marriage of Fajota, supra*, 230 Cal.App.4th 1487.)

sufficiently important, as in a child custody case, formal findings of fact and conclusions of law are required upon the request of a party, regardless of the nature of the proceedings.' " (*Id.* at p. 545.)

Here, Father does not contend that he requested a statement of decision, nor is there any indication in the record that he did. The trial court thus had no obligation to issue written findings. (See Code Civ. Proc., § 632, subd. (a) [in the absence of a request, "written findings of fact and conclusions of law shall not be required"].)

Finally, even if the failure to provide written findings were error, any such error would have been harmless. (See *F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108 ["a trial court's error in failing to issue a requested statement of decision is not reversible per se, but is subject to harmless error review"]; *In re Kayla W.* (2023) 97 Cal.App.5th 99, 106 ["a failure to comply with the UCCJEA's procedural requirements is subject to harmless error analysis"].)

A California court can exercise jurisdiction if it "is the home state of the child on the date of the commencement of the proceeding." (§ 3421, subd. (a)(1).) " 'Home state' " is defined as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." (§ 3402, subd. (g).) Father's UCCJEA declaration stated that the children lived in Solano County, but it did not say for how long they had lived there. That is not sufficient to establish home-state jurisdiction, and the record contains no evidence going to any other ground for jurisdiction.

Thus, Father has not demonstrated that had the trial court issued written jurisdictional findings, the result would have been any more favorable to him. (See *Paige v. Safeway Inc.* (2022) 74 Cal.App.5th 1108, 1129.)

4

# DISPOSITION

The trial court's order is affirmed.  The parties are to bear their own costs on appeal.[4]

TUCHER, P. J.

WE CONCUR:

PETROU, J.
RODRÍGUEZ, J.

*Santora v. Santora* (A175360)

---

[4] Because Mother did not file a respondent's brief, we decline to award her costs as the prevailing party.  (Cal. Rules of Court, rule 8.278(a)(5).)